**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VENADA VANCE, ET AL., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE BAKAS, ET AL., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: C 05-3385 PVT <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On January 17, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Dismiss.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED IN PART and DENIED IN PART as discussed below.

**I.    STANDARD FOR MOTION TO DISMISS**

In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994).   Matters outside the pleadings are not usually appropriately considered on a motion to dismiss. *Cassettari v. County of Nevada*, 824 F.2d 735, 737 (9th Cir. 1987).

---

[1]      The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

A cause of action will be dismissed only where there is either "a lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Generally, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will not be granted unless it appears that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

Leave to amend must be freely granted when justice requires. Fed. Rules Civ. Pro. 15(a). Factors relevant to whether leave to amend should be granted include any undue delay, bad faith or dilatory motive on the part of the movant, any repeated failures to cure deficiencies by amendments previously allowed, any undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent any such factors, where a plaintiff shows that the underlying facts may be a proper basis for relief, he should be given an opportunity to test his claim on the merits. *Ibid.*

**II. PROCEDURAL BACKGROUND**

On August 19, 2005 Plaintiffs Venada Vance and Project Sentinel filed a complaint against George and Galatia Bakas for declaratory, injunctive and monetary relief.[2] On January 6, 2005, Plaintiff observed a classified advertisement of a rental property located at 2623 Meridian Ave, San Jose, hereinafter "the Property." The Property was listed in a local newspaper available to the public. In early January 2005, Plaintiff Vance called the phone number listed in the advertisement to inquire about the availability of the Property. Plaintiff left Defendant a message. When Defendant Galatia Bakas returned the call, Plaintiff inquired about the Property and had a brief conversation with Bakas about the Property. During the phone call Vance stated that she ran a licensed home day care. At that point, Vance alleges that Bakas stated "Oh no, no home day care," and hung up the phone.

Following this alleged action, Plaintiff Project Sentinel hired testers to call Defendants in an effort to confirm the Property was still available. Tester "One" inquired about the possibility of

---

[2] The facts included in this Section are based on the allegations in the complaint.

using the Property for operation of a "day care." Once again, Plaintiffs allege that Galatia Bakas told Tester "One" that she would not allow "that." Tester "Two," a renter with similar characteristics to Tester "One," called Defendant but did not inquire about using the Property to operate a home "day care." Tester "Two" was encouraged to apply.

Plaintiffs alleged violations of: the Fair Housing Amendments Act; the Fair Employment and Housing Act; the California Unruh Civil Rights Act; the Family Day Care Protections Act; the California Unfair Business Practices Act; and Negligence. Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted. F.R.C.P 12(b)(6). This matter is now before the court.

### III. DISCUSSION

#### A. ADEQUACY OF PLAINTIFFS' FHA CLAIMS

Defendant argues that Plaintiffs' 42 U.S.C. Section 3604(a) allegations should be dismissed because: 1) There is no California published case law that has held that day-care operators are a protected class pursuant to Section 3604; 2) To date, there has been no amendment to Section 3604(a) that would include day-care providers as a protected class; and 3) Plaintiffs have not alleged sufficient facts to show that Defendants' actions in effect denied the Property because of gender or familial status as required pursuant to Section 3604. The court disagrees. Though there is no published case law that has held denial of the opportunity to rent to a "day care" operator to be discriminatory, Plaintiffs' have alleged sufficient facts of gender and familial status discrimination through disparate impact to withstand a motion to dismiss.

The FHA recognizes disparate impact as an actionable form of discrimination. 42 U.S.C. § 3604(a); *See e.g., Gilligan v. Jamco Develop. Corp.,,* 108 F. 3d 246, 250 (9th Cir. 1998). Plaintiffs' expressly allege that day care operators in Santa Clara County are overwhelmingly women. Plaintiffs' further allege that many day care providers have families with children. If this is true, far more women than men are denied housing on these grounds. To deny a person the opportunity to rent a residence on the grounds that the person intends to run a licenced home day care thus might be found to have a disproportionate negative impact on women.

The elements that must be met for a disparate impact claim are (1) the occurrence of certain outwardly neutral practices, and (2) a significant adverse or disproportionate impact on persons [in a protected class]. *Pfaff v. HUD,* 88 F. 3d 739, 745 (9th Cir. 1996). *In Griggs v. Duke Power Co.,* defendant instituted a policy which required applicants to have a high school diploma for a certain plant position. *Griggs v. Duke Power Co.,* 401 U.S. 424 (1971). This policy discriminated against those who did not complete high school. *Id.* at 431-2. The group of people who have not completed high school is not a protected class. However, the policy disproportionately discriminated against African Americans because their rate of graduation was twelve percent compared to a rate of thirty-four percent for whites. *Id.* The Court held that the policy had a disparate impact on race, a protected class, because the percentage of African Americans that would be excluded from the job was disproportionately higher than white applicants. *Id.*

Similarly, Defendants' practice of not renting to home day care operators for the purpose of running a day care might be proven to have a disparate impact on gender and familial status. Denying the opportunity to rent to persons intending to run a home day care may be an outwardly neutral practice. But, if Plaintiffs' allegations are proven, the policy to not rent to home day care operators for the purpose of running a day care might be found to negatively and disproportionately affect women, and families with children. Thus, dismissal is not warranted as to the First Cause of Action.

### B.   ADEQUACY OF PLAINTIFF'S FEHA CLAIMS

Defendant contends that "day care" operators are not a protected class under California Government Code Sections 12955(a), 12955(b), 12955(c), and 12955(k). Defendants also contend that there is no case law pursuant to § 12955 that has held "day care" operators are to be a protected class. Defendants also argue that even if "day care" providers were a protected class, Plaintiffs must have filed a rental application to properly plead a FEHA claim.

Plaintiffs state that the application requirement is part of a circumstantial showing of discriminatory intent, and is inapplicable where there is direct evidence of discriminatory intent. *See Kormoczy v. United States Dep't of Hous. & Urban Dev.*, 53 F.3d 821, 824 (7th Cir. 1995) ("Where direct evidence is used to show that a housing decision was made in violation of the statute, the

burden shifting analysis is inapposite."). The application requirement is also inapplicable to disparate impact cases. FEHA expressly prohibits discrimination in the application process itself. *See* Cal. Gov. Code § 12955(k) ( making it unlawful "To otherwise make unavailable or deny a dwelling based on discrimination of ... sex ... familial status, source of income ... .")[3] Plaintiffs are not asserting that "day care" operators are a protected class. Plaintiffs allege violation of FEHA for intentional discrimination based on source of income. Also, Plaintiffs allege a discriminatory effect through disparate impact.

### i. Source of Income

Plaintiffs are not asserting that "day care" operators are a protected class, their claim is for an intentional violation of FEHA based on "source of income" discrimination. Section 12955(a) states "It shall be unlawful: (a) for the owner of any housing accommodation to discriminate against ... any person because of the ... source of income" of that person. Plaintiffs may prove an intentional discrimination claim by showing that (1) Plaintiffs are part of a protected class, (2) Plaintiffs were subject to adverse treatment in regards to housing, and (3) the protected class was in part a motivating factor for the adverse treatment. Cal. Gov. Code § 12955.8(a); *See e.g., Barber v. Rancho Mortgage and Inv. Corp.,* 26 Cal. App. 4th 1819, 1832-33 (1994)[4]; *Phiffer v. Proud Parrot Motor Hotel, Inc.* 648 F.2d 548, 551 9th Cir. 1980).

Plaintiff Vance alleges she derives her income from running a home day care. She alleges she was subject to adverse treatment because she was denied the opportunity to rent the aforementioned Property. Plaintiffs allege Defendants refused to rent to Vance because her income was derived from operating a home day care. Plaintiffs have properly plead intentional discrimination vis a vis source of income. Thus, dismissal of the Second Cause of Action in regards to source of income is not warranted.

---

[3] In addition, Section 12955(i) makes it unlawful "For any person or other organization or entity whose business involves real estate-related transactions to discriminate against any person in making available a transaction ... . because of ... source of income, familial status ... ."

[4] California courts look to federal precedent when applying it's own statutes, because of the similarity between state and federal discrimination laws. *Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 354 (2000).

**ii. Disparate Impact**

Plaintiffs allege that Defendants discriminated by implementing an outwardly neutral policy that had a disparate impact on individuals in protected class. They allege this discrimination based on sex, familial status and source of income. As noted above regarding FHA, Plaintiffs have correctly plead disparate impact. FEHA is very similar to its federal counterpart FHA, and FHA cases are used to interpret FEHA. Gov. Code § 12955.6 *Auburn Wood I Homeowners Ass'n v. Fair Employment and Hsg. Comm'n,* 121 Cal. App. 4th 1578, 1591 (2004) ("Courts often look to cases construing the FHA ... when interpreting FEHA.") Since all the elements of FHA and FEHA are the same it is not necessary to discuss the elements further. Dismissal of the Second Cause of Action in regards to disparate income is not warranted.

**C. ADEQUACY OF PLAINTIFFS' UNRUH ACT CLAIM**

Once again, Defendant argues that Plaintiffs claim under the Unruh Act should be dismissed because "day care" operator is not a protected class. The Unruh Act prevents discrimination by California businesses. Cal. Civ. Code §§ 51, 52. The act prohibits discrimination against classes and lists protected classes in order to be illustrative, not exclusive. *Harris v. Capital Growth Investors XIV,* 52 Cal. 3d 1142, 1155 (1991). Some courts have held categories such as occupation and familial status, that are not listed in the Act, to be protected pursuant to the Act. *McCalden v. California Library Ass'n.,* 955 F. 2d 1214, 1221 (9th Cir. 1992); *Marina Point v. Wolfson*, 30 Cal. 3d 721 (1982).

Plaintiffs have alleged Unruh violations, stating Defendants discriminated on grounds of source of income and the arbitrary characteristics of operating of a day care. Plaintiffs have plead that Vance runs a home day care and that Defendants discriminated against her by refusing to rent for the purpose of operating a day care. Plaintiffs allege that Vance was discriminated against, in part, because she derives her income from operating a home day care. Furthermore, Defendants' policy of not renting to people who operate a home day care is a type of arbitrary discrimination that the Unruh Act was intended to guard against. *In re Cox*, 3 Cal. 3d 205, 217-218 (1970). Dismissal of the Third Cause of Action is not warranted.

### D. ADEQUACY OF HEALTH & SAFETY CODE CLAIMS

Defendants assert that Plaintiffs fail to state a cause of action under Health & Safety Code § 1597.40 because there is no allegation that Defendants entered into any written instrument, restriction, or prohibition with Plaintiff as to the use of the Property. Plaintiffs responded that the denial of the opportunity to rent the Property for use as a home day care had put a "condition upon use" of the home. Plaintiffs contend that such action as alleged is unlawful pursuant to § 1597.40.

This court requested supplemental briefing on January 26, 2006, in regards to whether Plaintiffs' Health & Safety Code § 1597.40 claim provides a private right of action. In their supplemental brief, Plaintiffs contend that the legislative intent, in regards to § 1597.40, was to allow a private right of action. This court disagrees.

The Health and Safety Code, though it directly speaks of home day cares, does not provide a private right of action. "A recognized rule of statutory construction is that the expression of certain things in a statute necessarily involves exclusion of other things not expressed." *Henderson v. Mann Theatres Corp.,* 65 Cal. App. 3d 397, 403 (1976). In this instance, the statute does not explicitly state that there is a private right of action for individual plaintiffs. Furthermore, the statute offers civil remedies solely for the use of the department. *See* Cal. Hlth. & Safety Code § 1596.892  The department can demand civil damages for certain violations of the statute. *Id.* The legislative intent cuts against a private right of action for individual plaintiffs because there is language which stipulates civil and criminal penalties for violation of the code, and the Code is silent as to civil damages or injunctive remedies for private parties. *See,* Cal. Hlth. & Safety Code § 1540(a). The only private remedy available under §1597.40 is to void any contrary "written instrument" or covenant. Dismissal of the Fourth Cause of Action is thus warranted. Plaintiffs are granted leave to amend, to allege, if they can, any such written instrument or other covenant.

### E. ADEQUACY OF § 17200 CLAIM

Defendants argue that this cause of action pursuant to the Business and Professional Code Section 17200 should be dismissed for failure to state a claim upon which relief can be granted. F.R.C.P. Rule 12(b)(6). Defendants argue that Plaintiffs are basing Section 17200 of the Business and Professional Code on Section 1597.40 of the Health and Safety Code, and that Plaintiffs have

been unable to adequately plead any violation under Section 1597.40. Defendants also argue that the cause of action is uncertain in that it does not apprise Defendants of all the conduct of which they complain.

Plaintiffs respond that a violation of housing discrimination laws, such as the Unruh Act, FEHA and Section 1597.40, can support a claim under Section 17200. Section 17200 allows a cause of action for any unlawful or unfair business practice.

Section 1597.40 makes certain restrictions on property unlawful. Renting property is a business practice. Plaintiffs allege that Defendants, through restricting renting of the Property for the use of home day care, are engaging in an unlawful business practice. Plaintiffs sufficiently plead a claim under Section 17200, and dismissal on the Fifth Cause of Action is not warranted.

### F. ADEQUACY OF PLAINTIFFS NEGLIGENCE CLAIM

Plaintiffs sixth cause of action is for negligence. Defendants again argue that this cause of action should be dismissed because Plaintiff was basing it on Section 1597.40, and that Plaintiffs have been unable to adequately plead any violation under that Section. Plaintiffs respond that they have adequately alleged that Defendants have a statutory duty under FEHA, Unruh and Section 1597.40 not to discriminate against license day care providers.

"Regarding the elements of a cause of action for negligent injury to person or property, the complaint 'must allege (1) defendant's legal duty of care toward plaintiff; . . . (2) defendant's breach of duty -- the negligent act or omission; . . . (3) injury to plaintiff as a result of the breach -- proximate or legal cause; . . . [and] (4) damage to plaintiff. . . .'" *Rosales v. Stewart,* 113 Cal. App. 3d 130, 133 (1980) (*citing* 3 *Witkin, Cal. Procedure*, *Pleading*, § 450, p. 2103 (2d ed. 1971)).

Plaintiffs have sufficiently plead, through Unruh, FEHA, and Cal. Hlth. & Safety Code § 1597.40, that Defendants had a duty of due care not to discriminate against Plaintiff. Plaintiffs have sufficiently plead that Defendants have breached their duty of due care by their discriminatory action of not renting to Plaintiff Vance for the purpose of running a home day care. Plaintiffs have sufficiently plead that Plaintiff Vance has been injured by Defendants' breach of duty because Vance had been denied the opportunity to rent. Also, Plaintiffs have sufficiently plead that breach has

damaged Plaintiff Vance.

For the foregoing reasons, Plaintiffs have sufficiently plead negligence, and Dismissal of the Sixth Cause of Action is not warranted.

### IV.     CONCLUSION

Plaintiffs have sufficiently alleged causes of action for: violation of the federal Fair Housing Act pursuant 42 U.S.C. Section 3601; violation of California's Fair Employment and Housing Act pursuant to Cal. Gov. Code Section 12955; violation of California's Unruh Civil Rights Act; violation of California's Unfair Business Practices Act pursuant to Cal. Bus. & Prof. Code Section 17200; and negligence.  For all of these causes of actions, Defendants' motion to dismiss is DENIED.

The Defendants' motion to dismiss is GRANTED for Count IV.  Plaintiffs have not sufficiently alleged a cause of action for a violation of "Family Day Care Protections" pursuant to the California Health & Safety Code Section 1597.40.  Plaintiffs are GRANTED leave to amend Count IV.  Any such amended complaint shall be filed no later than March 15, 2006.

Dated: *3/1/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 9*